UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO BRADLEY,

        Petitioner,        Case No. 1:08-cv-1025

v.        Honorable Paul L. Maloney

INGHAM COUNTY CORRECTIONAL
FACILITY,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice because it is premature.

## Factual Allegations

Petitioner is currently confined at the Ingham County Jail. In his application for habeas corpus relief, Petitioner states that he has not yet been to trial. Petitioner provides the following explanation (verbatim): "I have been incarcerated for 15 months as to date. The crimes include:

Allegedly a homicide of 13 years ago, felony firearm, is how the presentment read for the party charged in this instrument, the debt presummably owed not known." (Pet. at 1, docket #1.)

Petitioner brings the following grounds of habeas corpus relief in his petition (verbatim):

I. I am a Sovereign. I stand on The Constitution and The Declaration of Independence. The Court is disregarding this. As a Sovereign, I do not choose to contract with the Sub-Corporation i.e. Circuit Court. Also I dishonor the Settlement Agreement (01.03.76, Detroit, Michigan - Michigan Birth Cert.) Bill of Exchange. As I am a Natural Man, I am not gold and/or silver coins, the State can't compel me to be tender for the National Debt. It is my Right. It is my Duty, to throw off such government, and provide new guards for my future security.

II. Total disregard for my 5th Amendment. No person shall be held . . . . I was never served an Indictment and/or presentment from a Grand Jury. Nor was the true Commercial Nature of the Presentment made known to me, I know nothing of said contracts, nor did I have any representation and/or counsel to advise me how to maintain my GOD - Given Unalienable Rights at the District Court Arraignment by t.v. screen.

III. 1st Amendment F.O.I.A./P.A. on 3.3.08. I sent a letter to The Justice Dept. requesting Criminal Bonding, Certification info. Not receiving no response or action by asking the Attorney for the Fiduciary Tax Estimate and Fiduciary Tax Return for this claim, I then wrote a Form letter (F.O.I.A./P.A.) requesting info. on Criminal Bonds, Bonding Certification etc. Also, I verbally again asked the Attorney for this info. nothing happened. This action is in Appeal with the D.O.J. now. It was only denied, cuz, it's a State case.

(Pet at 6-7, 9.)

**Discussion**

Petitioner has not yet been convicted by a state court and his application for habeas relief must be dismissed because it is premature. Although Section 2241 gives the federal courts jurisdiction to consider pretrial habeas corpus petitions, "the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "Intrusion into state proceedings already underway is warranted only in extraordinary

circumstances." *Id*. Federal habeas corpus relief is only available to review the merits of a state criminal charge prior to a judgment or conviction by a state court in "special circumstances." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The Sixth Circuit Court of Appeals has found that a federal court may consider a pretrial habeas corpus petition when the petitioner seeks a speedy trial and has exhausted his available state court remedies, *Atkins*, 644 F.2d at 546-47, seeks to avoid a second trial on the grounds of double jeopardy, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); *see also Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300-03 (1984), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). None of the aforementioned exceptions fits the present case.

Additionally, Petitioner has not alleged that he has exhausted his state court remedies. The federal courts have developed a common-law doctrine of exhaustion to protect the opportunity of the state courts to resolve constitutional issues arising within their jurisdictions and to limit federal interference in the state criminal process. *Atkins*, 644 F.2d at 546. The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available before a state trial and appeal of the final judgment at every level of the state-court system. *See, e.g., Adams v. Michigan*, No. 1:06-cv-785, 2006 WL 3542645, at *1 (W.D. Mich. Dec. 7, 2006); *Frazier v. Michigan*, No. 06-cv-11624, 2006 WL 1156438, at * 1 (E.D. Mich. Apr. 28, 2006); *Van Durmen v. Jones*, No. 4:02-cv-184, 2006 WL 322486, at * 2 (W.D. Mich. Feb. 10, 2006). Petitioner's claims may be resolved at his trial or upon appeal of the final-judgment to the state courts. Accordingly, the filing of Petitioner's application for habeas corpus relief was premature and will be dismissed.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application without prejudice pursuant to Rule 4 because it is premature. The Court will also dismiss the supplement and the amended complaint without prejudice.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack*

*v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application because it is premature. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:  November 26, 2008              /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       Chief United States District Judge